IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 22-cv-01236-RM-STV

ACCESS 4 ALL INCORPORATED, and
CARLOS CUESTA,

    Plaintiffs,

v.

W 4 K, INC. d/b/a Sylo Ramada by Wyndham,

    Defendant.

---

## ORDER

---

Before the Court is Plaintiffs' Motion for Default Judgment and Verified Application for Fees. (ECF No. 30.) After Defendant was served with the Complaint and failed to respond, Plaintiff moved for entry of default, which the Clerk entered on June 20, 2023 (ECF No. 27). Plaintiffs now request entry of default judgment under Fed. R. Civ. P. 55(b)(2). For the reasons below, the Motion is granted.

### I.   LEGAL STANDARD

"[E]ven after entry of default, the Court must decide whether the unchallenged facts create a legitimate basis for entry of a judgment." *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (quotation omitted). Although the Court has discretion to enter default judgment, strong policies favor resolution of disputes on their merits; therefore, it is generally appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 1067 (quotation omitted).

## II.   BACKGROUND

According to the Complaint, Plaintiff Cuesta is an individual with disabilities who uses a wheelchair.  Plaintiff Access 4 All Incorporated as an association that seeks to enforce the civil rights of its disabled members, including Plaintiff Cuesta.  Defendant owns and operates a hotel in Aurora, Colorado.  Because the hotel is a place of public accommodation under the ADA, Defendant is subject to various regulations.  Plaintiff has encountered architectural barriers to access Defendant's property that violate those regulations and prevent disabled individuals from equally enjoying the goods and services offered there.  These barriers occur throughout the hotel, including in the parking areas, public restrooms, and guestrooms.  Plaintiff's expert attests that removal of the barriers is readily achievable.

Plaintiff seeks an injunction requiring Defendant to make all readily achievable alterations to the facilities to make them accessible under the ADA.  He also seeks attorney fees, expert fees, and costs totaling $13,665.34.

## III.   ANALYSIS

The Court first finds that the jurisdictional prerequisites for granting default judgment are satisfied in this case.  The Court has subject matter jurisdiction over actions brought under the ADA.  *See* 28 U.S.C. § 1331.  In addition, the Court has personal jurisdiction over Colorado residents such as Defendant.  *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997) ("[T]he plaintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials.").

Next, the Court finds that the well-pleaded allegations in the Complaint constitute a legitimate basis for entry of a judgment.  The Complaint alleges that Defendant's property does not comply with applicable ADA regulations, and Plaintiffs' expert has attested that the removal the architectural barriers at issue is readily achievable.  By failing to respond to Plaintiffs' allegations, Defendant is deemed to have admitted them for liability purposes.

The Court further finds that a default judgment should be entered for the sum certain damages Plaintiffs seek.  As Plaintiffs are the prevailing party in this case, they are entitled to their reasonable attorney fees, litigation expenses, and costs.  *See* 42 U.S.C. § 12205.  The Court has previously approved counsel's reasonable hourly rate of $450 in a similar case, *see Cuesta v. DTC Lodging LLC*, No. 21-cv-03092-RM-SKC, 2022 WL 6730834, at *1 (D. Colo. Oct. 11, 2022), and the Court has little trouble approving the same in this case.  The Court further finds that 19.30 hours expended to bring this matter to judgment is reasonable.  Thus, an award of **$8,685.00** in attorney fees is warranted.  The Court further finds the costs for filing and service of process fees, totaling **$480.34**, are properly included.  And finally, the Court finds Plaintiffs' expert fee of **$4,500** is appropriate in light of the dozens of specific ADA violations assessed in the expert's report.

**IV.     CONCLUSION**

Accordingly, the Court GRANTS Plaintiff's motion for default judgment (ECF No. 30) and finds and ORDERS as follows:

(1)     Defendant is in violation of Title III of the ADA;

(2) Defendant shall, within twelve months of this Order, make all readily achievable alternations to the hotel, or make the hotel readily accessible to and usable by individuals with disabilities to the extent required by law;

(3) Plaintiffs are awarded their reasonable attorney fees, expert fees, and costs totaling **$13,665.34**; and

(4) the Clerk is directed to enter Final Judgment in this matter.

DATED this 24th day of October, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge